The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Thomas M. Harris presiding. Good afternoon, counsel. This first case is 4-22-0387, People v. Max Matiala. I'd like for counsel to state their appearances. First for the appellant. Good afternoon, your honors. My name is Carl Muntz. I'm with the Office of the State Appellate Defender on behalf of the appellant, Max Matiala. All right. Thank you. And for the appellee? Good afternoon, your honors. My name is James Ryan Williams for the state. Thank you. Mr. Muntz, you may proceed. Thank you, your honor. May it please the court, counsel. Your honors, we're here this afternoon because the state charged Max Matiala with perjury after he signed an ATF Form 4473. As charged by the state in this case, in order to prove perjury, the state had to prove that Max's completion of ATF Form 4473 was a matter where, by law, the oath or affirmation is required. And in this case, the state failed to do so in the circuit court and failed to do so in the appellate court. Indeed, the state has not identified any law whatsoever that requires a sworn statement or a statement under oath when completing ATF Form 4473. The form itself only requires that the person signing it certify their answers are true and correct. Indeed, the state concedes that the form only requires a certification. And under Illinois law, a certification can sometimes be the equivalent of an oath or an affirmation, but was not in this case because the proper steps were not followed. Expand on that. What steps? As I discussed in the brief, there is a provision in the Code of Civil Procedure that allows for, it's often used for inmates who are in custody and don't have access to a notary. They can use certain words on their proof of service and it is the equivalent of having it notarized or being a sworn statement if you use the exact words of that provision. So what words are required that are missing? I'm sorry, I didn't hear your question, Justice Stewart. And I think Justice Harris and I were both speaking at the same time. I was just asking what words are required that are missing from this document? There could be a couple of different ways. In the opening brief, we outlined how the oath is defined in Illinois. Obviously, those words would count. We also defined affirmation under Illinois law. Those words would count. And then when we look at people v. Watson, this court explained that when deciding whether an oath is required by law, we look to whether the statement must be sworn to before it can be used for the legal purpose intended. So in this particular case, had the form required a sworn statement, that also would have sufficed. But the form did not require any of those things. It merely required certification. And under federal law, had it used the phrase under penalties of perjury, that likely would have been sufficient to include it for the federal perjury statute. But that statute is defined more broadly than the Illinois statute. Mr. Mundt, I'd like to ask you a question in that regard. And that is, this is a form that is applicable apparently in all 50 states. Is that right? Yes, it is my understanding that for anyone in the United States who wishes to purchase a gun, the ATF requires them to fill out this form. It's not surprising that the language that's used in the federal form doesn't use the exact verbiage that Illinois uses in its perjury statute in regards to oath or affirmation. I'm curious, this form isn't entirely new, and given its widespread usage and probably the millions of times it has been used at this point around the country, are there other cases, have you looked in other states' cases for this same situation, this same question? I tried to look. I was unable to find any that were directly on point in terms of charging under the state perjury statute based on the language of the form. I could not find any that were exactly the same. It would be my guess is that because there are specific federal statutes that govern false statements on this form, that when someone does make a false statement on this form, it would be pretty unusual for the state prosecutor to charge perjury when there are federal statutes that specifically govern the situation and indirectly apply. Obviously, that would be a matter for the federal court, not state court. But I think the difference, Justice Harris, is that the Illinois perjury statute only covers matters where the person was under oath or affirmation or is required by law to be under oath or affirmation. It's not intended to cover all false statements or all lies, only specific ones that occur when someone is under oath or required to be under oath. So, Mr. Mott, I think we all agree that there is a provision for other than over-the-counter buyers under the federal law that does not apply to Mr. Mattiola. We're on the same page there, right? I believe so. Okay. But here's the interesting question. For those buyers, it's clear that a sworn statement is required. Do you agree? I do agree, and that is a separate additional statement beyond the form 4473. But the same form is used for over-the-counter buyers like Mr. Mattiola. Correct? I believe that is the case. If that's the case, how could signing an identical form be a sworn statement if you're buying it not over-the-counter, but it's not a sworn statement when the exact same form is used for purchasing it over-the-counter? Because, Rhonda, they're actually referring to different statements. In the subsection cited by the state, the sworn statement it's referring to there is one that specifically only applies when transferring machine guns or rifles. I don't know if it's co-extensive, but it's very similar to ATF Form 4. And it does have a specific provision on there regarding transferring firearms. And that is a sworn statement that says, under penalty of perjury, I certify my handgun. It has different words above and beyond the generic language of Form 4473 that take it up to a different level. And if that were the statement at issue, we might be having a very different conversation. But the statement that the state charged in the state… I suppose it would… I'm referring to the form specifically, but I'm guessing both. Because the form is the same form, right? No matter whether you're buying it in person or remotely or by mail, it's the same form. This form is, but in that section, the provision that the state cited in its brief referring to a sworn statement, that sworn statement referred to in that paragraph is different from Form 4473. That's a specific statement that applies to transferring machine guns and other especially dangerous weapons. That's not on Form 4473? I don't believe it is. I think that is a separate statement. And like I said, if you look at ATF Form 4, it has a different section in that provision that it does the standard language in Form 4473. And just on the face of it, even when reading the instructions to Form 4473, all it says is the person signing the form must certify their answers. It does not say under oath. It does not say they must swear to this. And under the perjury law in the state of Illinois, in order for this thing to come under Illinois' perjury statute, it must have either been under oath or required to be under oath. Or a certification under 1109. We know that certification is kind of in the ballpark on these terms. Some certifications can rise to the level of oath or affirmation if certain language is provided. One, that language was not provided in this case. And two, that still does not change that nothing in the law requires that this statement be sworn to or made under oath. If, in this particular case, the language suffice under Illinois law, I would argue that is still not good enough because the perjury statute requires that it must be required to be under oath or affirmation. Isn't the case saying that when something is made under oath, even if it wasn't required, it may still implicate perjury? So you verify your answers in a civil case when you had no obligation to do so. That might still give rise to perjury, couldn't it not? Yes, there was that one case where that happened. In certain circumstances, that could be. But here the state is not pointing to anything that requires oath or affirmation when filling out ATF form 4473. And because the state has been unable to identify any law requiring oath or affirmation, the state has failed to prove an element of perjury. To what extent do we look past the name used as though it's got some independent significance by the federal government? The federal government might not use the same words that we're using. For instance, we know that in federal court, what we call an affidavit, they call a declaration. Potato, potato. Why is not this federal certification as a prerequisite to the ability to purchase the firearm treated the same as a sworn statement? Because the legislature defined the perjury statute the way it is. And as defined, the plain language of the perjury statute said it applies to under oath or affirmation or when required by law to be under oath or affirmation. And a good example here, if they wanted it to include written certifications, they would have written it the way the federal perjury statute is written. If you look at the federal perjury statute, section one covers statements made under oath. Section two covers written statements, such as certifications and declarations and other things like that, explicitly tying those into the perjury statute. If Illinois wanted written statements to be covered under perjury, they would have written the statute in that manner. They did not do so. If your honors have no further questions, we would ask this court to reverse. Sorry, I have one follow up just to make sure I'm clear for your response from Justice Doherty's inquiry. In 27 CFR 478.124, if I'm clear, the language says the transferee must also date and execute the sworn statement contained on the form. Your position is that that is a separate form from 4473. Is that accurate? That is what I am saying, yes. The sworn statement in that paragraph is a specific statement that is separate from form 4473. Does it have a separate signature line to swear that or is it the same signature line at the bottom? There are multiple signature blocks on that form and one specifically about the transferring of the gun and that's what requires the sworn statement. The rest of the form is the regular form. But the one it refers to as a sworn statement is a separate signature line that has different language above it than the standard signature block. And the form you referenced was ATF form four, is that correct? I believe so. I'm not as familiar with these forms as perhaps somebody who practices federal law, so I don't know if it's exactly the same form, but it has very similar language and deals with a similar subject, so I think that is what it's referring to, but I'm not 100% positive. Thank you. Thank you, Your Honor. Thank you, Mr. Mundt. You'll have time in rebuttal. Mr. Williams. May it please the court, counsel. My name is James Ryan Williams, and it's my privilege to represent the state before this honorable court. Now, in this case, the defendant stands convicted of perjury for providing false information on ATF form 4473 when he was purchasing a firearm. In the state of Illinois, a person commits perjury when he or she knowingly makes a false statement in a matter where an oath or affirmation is required. Form 4473, however, only requires that one certify that the information provided is true, correct, and complete. So the question before this court is essentially whether the defendant's form 4473 certification constituted an oath or affirmation of truth. First of all, as noted in the briefing, numerous state and federal courts have at least implicitly recognized that the statements in form 4473 are made under oath and subject to the penalties of perjury. Admittedly, the defendant in his briefing, his reply brief fairly pointed out that most of these statements are essentially dicta as the court was not necessarily interpreting or referring to the specific statutory language. Nevertheless, they seem to suggest that there's a general understanding that a form 4473 certification constitutes an oath or affirmation. Now, to that end. Mr. Williams, may I interrupt you for a moment? What do you take from that, that you're not able to find a case directly on point on this issue? Just given the breadth of the coverage of the form across all 50 states and the millions of gun sales that are out there, how should we do that? I'm very sorry. I did not hear the very last part of your, just the very last part of your question. Right. Is there any takeaway from this that neither party is able to identify another out of state case that would be commenting on whether or not the form that is used in all 50 states actually requires a sworn oath or affirmation? I suspect that the lack of cases on point is probably based on the fact that, if I recall, based on my research correctly, that, well, first of all, there is, in fact, a stand-alone federal offense for this crime. And, in fact, I think there's even a stand-alone Illinois offense that directly addresses this situation. Now, what I'll say is that even though there is a more specific crime that can be charged in this instance, it's the state's position that that does not necessarily mean that it doesn't constitute the offense of perjury as defined in our state. Is it also likely that there's not a lot of state prosecutors bringing perjury claims for violation of this federal requirement? I suspect that is also the case, Your Honor. Anyhow, what I will note is, as Your Honor has pointed out, you know, the regulations themselves refer to this form as a sworn statement, which, after all, makes sense because, you know, a firearm purchaser in this instance is formally certifying that the information provided on a federal form when purchasing a gun is true, correct, and complete. Now, the trial court in this case relied on the Barrios case when concluding that the Form 4473 required an oath or affirmation. And in that case, it was fairly similar. It involved a Secretary of State form that did not explicitly require the taking of an oath or the swearing of the truth, nor did it say that the information, that providing false information was subject to the penalties of perjury. It simply said that the person basically, quote, I hereby affirm, end quote, that the information is true. So it's the state's position in this matter that to certify something is true is to affirm it is true and to affirm it is true is to certify it's true. In this context, these are essentially synonyms, both meaning to guarantee the truth. But I believe Illinois statute has made explicit that affirm is a synonym for swearing under oath. It has not made explicit that certification or certifying is a synonym. You're correct, Your Honor. The statute does specifically make that connection. And I would just say that in this instance, we're dealing with the interplay between federal law and state law. And to that end, I would note that actually the Supreme Court itself, again, essentially in dicta, but in the, if I'm pronouncing it correctly, the Abramski case, the Supreme Court itself used the words affirm and certify interchangeably, explaining that the defendant in that case falsely affirmed that his response on Form 4473 was true. So now, strictly speaking, what the court, I guess, should have said there is that the defendant falsely certified his response was true. So, again, the state's position here is essentially that a certification is a synonym of the functional equivalent of an affirmation of truth. Both words are meant to symbolize the guaranteeing of the truth, and that's what we have here. And so we believe that the state should similarly conclude that a Form 4473 certification constitutes an affirmation, and therefore the defendant, when he knowingly provided false information on that form, committed the offense of perjury. So given that this is a criminal statute, aren't we supposed to be construing it somewhat more narrowly? In other words, shouldn't the party charged be given fair understanding that their conduct would violate the law? I see your argument, the synonym argument, we'll call it. I understand it very well. What about the argument that defendants really shouldn't be required to grab the thesaurus when deciding whether their conduct is a violation of the law? Yeah, that's a fair point. I believe you're referring to the rule of lenity, if I recall correctly. And I understand your point there. What I would just say is that as a general proposition to a person who knowingly provides false information on a federal form, I don't suspect it would at all be surprising to such a person that they would be charged with perjury. I mean, after all, and I guess I don't know how to articulate this in the most legal terms, but this certainly seems like a situation, a perjurous situation when you're providing false information. We're just simply left with having to interpret the very specific words in the statute. And admittedly, the Illinois statute doesn't specifically contemplate the word, you know, the notion of certifying the truth as constituting perjury. As counsel has pointed out, the federal statute certainly shows them exactly how to do that. They could have spoken more broadly, but they use those two terms. Yes, to that end, Your Honor, and my recollection is perhaps mistaken, but I think that this particular statute hasn't been updated in quite some time. But that's the one he's charged on. Exactly. Unless the court has any further questions. All right, I don't see any. Thank you, Mr. Williams. Mr. Monk, do you have a rebuttal argument? Just a couple of brief points, Your Honor. I guess I'll start with, it sounds like we all agree that the form only requires them to certify, but the statute requires out their affirmation. The state wants you to just treat these words because they're similar, as if they mean the same thing, but they don't. As lawyers, and in the law, we know that words have meaning, and often very specific meaning. And particularly as Justice Doherty acknowledged, when we're interpreting criminal statutes, they must be interpreted narrowly and based on the plain language. And in this case, when you look at the plain language of the perjury statute, it says it applies to situations where an oath or affirmation is required. The state has conceded an oath or affirmation is not required in this case. They're just asking this court to make certify the same thing as oath or affirmation. But Illinois law treats certification differently from oath or affirmation. If the legislature wanted certifications to be included in perjury, they could have done so. If the federal government wanted this form to be a sworn statement, it would so state on the form, I hereby swear, or I hereby under oath affirm the following. It doesn't. So based on the language of the form that Max actually filled out, and the language of the Illinois perjury statute, the state has not proven that he committed perjury. Because filling out form 4473 is not a matter where an oath or affirmation is required by law. Unless your honors have any further questions, we ask this court to reverse Max's conviction outright. Thank you. All right. Thank you, Mr. Martin. Thank you both. The case will be taken under advisement and a written decision shall be issued.